# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:15-CV-0047-GNS

**AMTOTE INTERNATIONAL INC.**                                **PLAINTIFFS**

**VS.**

**KENTUCKY DOWNS, LLC *ET AL***                                  **DEFENDANTS**

## **MEMORANDUM OPINION**

## **AND ORDER**

### INTRODUCTION

Plaintiff Amtote International, Inc. has moved this Court for leave to file a third amended complaint pursuant to Rules 15(a) and 20(a) which adds Magellan Gaming, LLC as an additional defendant (DN 120). Defendants Kentucky Downs, LLC, Exacta Systems, LLC, Corey S. Johnsen, Nicholas Hughes, and Rayford T. Reid filed a response (DN 127), and Amtote replied (DN 130). Additionally, Defendants filed a motion for a hearing on this issue (DN 128). The Plaintiff responded (DN 131), and Defendants replied (DN 136). This matter is ripe for adjudication. For the reasons set forth below, Amtote's motion is granted.

### ARGUMENTS OF THE PARTIES

Amtote requests that it be allowed to amend its complaint to add Magellan as a co-defendant (DN 120 at pageID # 3197). Amtote argues joinder is proper under Fed. R. Civ. Pro. 20(a) because Amtote is alleging that Magellan, like defendants Kentucky Downs and Exacta Systems, breached or induced the breach of the Totalisator Agreement (Id. at pageID # 3199). Amtote's allegations include claims of tortious interference and misappropriation of trade secrets

(Id.). Defendants do not contest this amendment, but they condition their acceptance on the premise that the undersigned rule in their favor with regard to another proposed amendment of a complaint in a related action (DN 127 at PageID # 3405-06). That separate motion seeks to add Magellan as a co-defendant in a separate action but also seeks to incorporate portions of Amtote's allegations from the instant action. *See* Parimax Holdings, LLC v. Kentucky Downs, LLC et al, Civil Action No. 1:15-cv-00082-GNS-HBB at DN 70. Here, the defendants concede that the allegations by Amtote against Magellan have been properly pleaded in the present action (DN 127 at PageID # 3305-06).

## ANALYSIS

The Rules of Civil Procedure permit the joinder of a defendant where a claim of relief is asserted against a new defendant that arises out of the same transaction or occurrence and where a common question of law or fact will arise in the action. Fed. R. Civ. P. 20(a)(2). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). The Court retains broad discretion in the decision whether to join or sever parties, and the purpose of the Rule is to promote judicial economy and trial convenience. Dejesus v. Humana Ins. Co., Civil Action No. 3:15-cv-00862, 2016 WL 3630258, at *2 (W.D. Ky. June 29, 2016).

Here, as noted above, Amtote alleges Magellan breached the Totalisator Agreement. Given that this agreement forms the basis of the underlying complaint, the undersigned concludes the alleged actions arise out of the same transaction or occurrence. As for whether a common issue of law or fact will arise, the breach (or not) of the Agreement and the surrounding circumstances are likely to provide such a common issue. Thus, given the liberal standard to be

applied and the reasons offered by the Plaintiff, the undersigned concludes that joinder of Magellan as a co-defendant in this action is appropriate.

The next issue is whether amendment of the complaint is proper under Rule 15(a). The court should freely give leave to amend "when justice so requires." Fed.R.Civ.P. 15(a)(2). In assessing the interests of justice, the Court should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998) (quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994)); *see also* Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) ("A motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.").

Here, the Defendants have declined to raise any reason why this Court should not allow the amendment, and the undersigned concludes none exists. Defendants did reserve some objections arguing that they would be prejudiced if the undersigned allowed Amtote to become a party in the Parimax case cited above. However, as explained in an order in that case, the allegations made by Amtote against Magellan in that action are pursuant to Amtote's alleged role as a third-party beneficiary to Parimax's agreement with the Defendants. Here, on the other hand, Amtote is alleging tortious interference with its own agreement with the Defendants. As a result, there is no unfair prejudice to the Defendants by requiring them to defend two separate contracts in two separate actions. Therefore, Magellan's joinder and Amtote's proposed amendments are proper.

Finally, the defendants have filed a motion for a hearing in this matter (DN 128). Parimax responded, stating they believe their pleadings to be sufficient, but they are willing to participate if this Court feels it is necessary (DN 131). The Defendants replied (DN 136). Both parties incorporate their arguments from the Parimax case motion for hearing (DN 79). The undersigned restates here the reasons for denial. Although the Defendants claim there are factual issues that have occurred off the record of which this Court is unaware, the means to present those facts was to supplement the record with exhibits to their pleadings. Moreover, while this case's procedural posture is unusual, it is not so complicated or beyond the norm that the Court needs to hear additional arguments to reach a decision. Therefore, Defendants motion (DN 128) is denied.

ORDER

**IT IS HEREBY ORDERED** that Plaintiff's motion (DN 120) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court is directed to file Plaintiff's unredacted third amended complaint (DN 120-1) under seal and to file Plaintiff's redacted third amended complaint (DN 120-2) in the public record.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a hearing on this matter (DN 128) is **DENIED**.

Copies:  Counsel